977 F.2d 584
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul B. WARD, Plaintiff-Appellant,
v.
OFFICE OF PERSONNEL MANAGEMENT, et al., Defendants-Appellees.
 No. 92-3395.
 United States Court of Appeals, Sixth Circuit.
 Oct. 7, 1992.
 
 Before KEITH, NATHANIEL R. JONES and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Paul B. Ward, a pro se Ohio resident, appeals a district court order dismissing his civil action filed under 5 U.S.C. § 552a(g)(1). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1984, Ward sued several government officials and the United States of America alleging that he was improperly denied access to his personnel records and that his removal from the Army Map Service in 1964 violated his due process rights. The district court dismissed the complaint.
 
 
 3
 In 1991, Ward sued several government agencies and the United States of America alleging violations of the Freedom of Information Act and the Due Process Clause of the Fifth Amendment. Although naming different defendants, Ward's claims were admittedly identical to those contained in his first suit. Ward requested that the applicable statute of limitations be waived, that his second suit be construed as a motion to reconsider his original action, and that the government be ordered to produce all documents in his personnel file as of 1983. Ward also sought class certification. The parties made cross motions for summary judgment. The district court denied class certification and granted summary judgment for the defendants finding that Ward's suit was barred by the applicable statute of limitations and by the doctrines of res judicata and collateral estoppel.
 
 
 4
 In his timely appeal, Ward argues that the district court erred by not granting class certification, by not waiving the statute of limitations, and by not reconsidering his first cause of action.
 
 
 5
 Defendants moved to dismiss the complaint or, in the alternative, for summary judgment. Because evidence outside the pleadings was not excluded from the district court's consideration, the motion must be treated as a motion for summary judgment. See Fed.R.Civ.P. 12(b); Monk v. Marlinga, 923 F.2d 423, 425 (6th Cir.1991) (per curiam).
 
 
 6
 This court's review of a grant of summary judgment is de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 7
 Upon de novo review, we conclude that the defendants were entitled to summary judgment as a matter of law. See Celotex Corp., 477 U.S. at 323. Accordingly, we affirm the district court's judgment for the reasons stated in its opinion filed on April 8, 1992. Rule 9(b)(3), Rules of the Sixth Circuit.